IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
BYRSON CITY DIVISION
2:12cv18

| | |
|---|---|
| MICHAEL BRUCE ELLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **MEMORANDUM AND** |
| MICHAEL J. ASTRUE, ) | **RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for supplemental security income. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 10 & # 15]. The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 15] and **AFFIRM** the Commissioner's decision.

I.   **Procedural History**

Plaintiff filed an application for supplemental security income on February 29, 2008. (Transcript of Administrative Record ("T.") 76.) The Social Security Administration denied Plaintiff's claim. (T. 76-77.) Plaintiff requested

-1-

reconsideration of the decision, which was also denied. (T. 77.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 43-74.) The ALJ then issued a decision finding that Plaintiff was not disabled during the relevant time period. (T. 15-37.) Subsequently, counsel for Plaintiff submitted additional evidence to the Appeals Council and resubmitted other evidence that apparently was not part of the file when it was reviewed by the ALJ. (T. 230-33, 281-82.) The Appeals Council considered the new evidence and made it part of the record, but determined that the evidence did not provide a basis for changing the decision of the ALJ. (T. 1-7.) Accordingly, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-3.) Plaintiff then brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653

(4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520. If at any stage of the inquiry, the Commissioner determines that the claimant is or is not disabled, the inquiry is halted. 20 C.F.R. §§ 404.1520(a) and 416.920(a).

### III. The ALJ's Decision

In his August 13, 2010, decision the ALJ found that Plaintiff was not disabled under Sections 1614(a)(3)(A) of the Social Security Act. (T. 37.) The ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since February 29, 2008, the application date (20 CFR 416.971 *et seq.*).

(2) The claimant has the following severe combination of impairments: hypertensive cardiovascular disease, cardiomyopathy, and degenerative disc disease of the lumber spine (20 CFR 416.920(c)).

(3) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

(4) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). I specifically find that the claimant could lift/carry twenty pounds occasionally and ten pounds frequently. Claimant could sit, stand, and walk up to six hours each out an eight-hour workday. Claimant could frequently climb, balance, kneel, stoop, crouch, and crawl. Claimant should avoid concentrated exposure to fumes and hazards in the workplace.

(5) The claimant is unable to perform any past relevant work (20 CFR 416.965).

(6) The claimant was born on February 3, 1957 and was 51 years old, which is defined as an individual closely approaching advanced age on the date the application was filed (20 CFR 416.963).

(7) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).

(8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

(10) The claimant has not been under a disability, as defined in the Social Security Act, since February 29, 2008, the date the application was filed (20 CFR and 416.920(g)).

(T. 20-31.)

## IV. Standard of Review

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that he is not disabled is supported by substantial evidence in the record, and whether the ALJ reached his decision based

on the correct application of the law.  Id.

> **V. Analysis[1]**
>
> **A. The Evidence Submitted to the Appeals Council does not Require Remand**

Plaintiff contends that the Court must remand this case so that the ALJ can consider the additional evidence submitted to the Appeals Council.  The only legal authority cited by Plaintiff in support of this legal argument is the recent opinion of the United States Court of Appeals for the Fourth Circuit, Bird v. Comm'n of Soc. Sec. Admin., 699 F.3d 337 (4th Cir. 2012).   Bird, however, has no bearing on the legal issue before the Court.

In Bird, the Fourth Circuit addressed whether the ALJ erred in failing to consider medical evidence that was created after the date last insured and in failing to assign more weight to the disability determination of the Department of Veterans Affairs ("VA").  Id.  Upon consideration of the medical evidence at issue, the Fourth Circuit held that the ALJ erred as a matter of law by failing to give retrospective consideration to medical evidence regarding the plaintiff's Post Traumatic Stress Disorder that was created after the date last insured, in part, because this evidence related to his symptoms and impairments prior to his date of

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

last insured.² Id. at 340-42. "Thus, we conclude that the evidence in the record provided a sufficient linkage reflective of a possible earlier and progressive degeneration, requiring that the ALJ give retrospective consideration to the psychological evidence summarized in the VA rating decision and the Cole Report." Id. at 342 (internal citation and quotation omitted). None of the issues present in Bird are currently before the Court. Aside from a vague statement regarding the "principles set out by the [Fourth] Circuit panel in the Bird decision," Plaintiff fails to articulate any legal argument for why remand is required in this case, much less the legal standard by which the Court would address such an argument.

Unlike the situation in Bird, Plaintiff contends that remand is required because some of the medical records failed to appear in the record before the ALJ. In addition, Plaintiff contends that the new evidence submitted to the Appeals Council requires remand so that the evidence can be considered by the ALJ. As the Commissioner correctly points out in her Memorandum in Support of the Commissioner's Decision, however, all of this evidence was previously made part of the record and considered by the Appeals Council. (T. 1-2.) The Appeals Council expressly considered this evidence and determined that such evidence

---

2 The Fourth Circuit also held that the ALJ erred by not according substantial weight to the VA disability determination, Bird, 699 F.3d at 345, but there is no such determination by the VA in the record in this case..

provided no basis for rejecting the decision of the ALJ. (T. 2.) This is not a situation where Plaintiff is seeking remand based on new evidence that was not considered by the Commissioner. See e.g., Miller v. Barnhart, 64 F. App'x 585, 590-60 (4th Cir. 2003) (unpublished) (setting forth standard for remanding a case based on new evidence that was not before the Commissioner). Rather, the issue before the Court is whether considering the record as a whole, including the new evidence submitted to the Appeals Council, the decision of the ALJ is supported by substantial evidence. See Wilkins v. Sec.'y Dep't Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). Accordingly, the Court will consider this "new" evidence alongside the other evidence in the record in determining whether the decision of the ALJ is supported by substantial evidence in the record.

As is often the case with the briefs submitted in this Court by the local social security bar, Plaintiff's brief appears to be hastily thrown together with few, if any, relevant legal citations and no actual legal discussion or analysis of the relevant legal issues before the Court. This Court has repeatedly warned attorneys practicing before it in social security cases about the perils of such a practice, and the Court has struck the briefs of plaintiffs, disregarded legal arguments that were not supported by relevant legal citations, and sanctioned the attorneys engaging in such conduct. See e.g., Adams v. Astrue, No. 1:11cv336, 2013 WL 609859

(W.D.N.C. Jan. 28, 2013) (Howell, Mag. J); Hardy v. Astrue, No. 1:11cv299, 2013 WL 66082 (W.D.N.C. Jan. 4, 2013) (Howell, Mag. J.); Chandler v. Astrue, No. 1:11cv229, 2012 WL 5336216 (W.D.N.C. Oct. 2, 2012) (Howell, Mag. J.); Pascoe v. Astrue, No. 1:11cv226, 2012 WL 3528054 (W.D.N.C. Jul. 23, 2012) (Howell, Mag. J.). Going forward, this Court will similarly disregard and/or strike from the record any legal argument or brief submitted by counsel for Plaintiff that is not supported by relevant legal authority and contains a legal discussion of how this authority supports the relief requested. Moreover, the Court will disregard any factual statements that are not supported by a citation to the record. As the Court has stated over and over again with regards to other members of the local social security bar, filings such as these disrupt the Court's docket, do a disservice to counsel's client, and waste the resources of the Court.

    **B.    The ALJ did not err by Finding at Step Two that Plaintiff's Depression was not a Severe Impairment**

The ALJ's determination as to whether an impairment is severe or not is a threshold determination. See 20 C.F.R. § 404.1520(c). An impairment is not severe "only if it is a *slight abnormality* which has such a *minimal* effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Evans v. Heckler, 734 F.2d 1012, 1014 (4th Cir. 1984) (internal citation and quotation omitted) (emphasis

in original).

At step two of the five step evaluation process, the ALJ found that Plaintiff had the following severe impairments: hypertensive cardiovascular disease, cardiomyopathy, and degenerative disc disease of the lumbar spine. (T. 17.) In addition, the ALJ considered Plaintiff's depression at length but determined that it was not a severe impairment. (T. 19-22.) Plaintiff contends that the ALJ erred by not considering his depression as an additional severe impairment. Plaintiff's contention is without merit.

Although the medical evidence reflects a diagnosis of depression, the record does not reflect that Plaintiff's depression had any more than a minimal effect that did not interfere with his ability to work. The medical evidence repeatedly reflects that Plaintiff was alert and oriented, had normal speech and thought process, and had a fair to good attention span and judgment. (See e.g., T. 234, 236-37, 719-24.) Moreover, both the 2008 psychiatric review of W.W. Albertson, Ed.D and the application of the special technique for evaluation mental impairments, support the determination of the ALJ that the Plaintiff's depression was not a severe impairment. See 20 C.F.R. § 416.920a(d)(1); (T. 613-625). In fact, Plaintiff fails to point to any medical evidence in the record demonstrating that Plaintiff's depression had more than a minimal effect on his ability to work, and it is not

-10-

enough for Plaintiff to simply point to a continued diagnosis of depression. See Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). In short, the record reflects that Plaintiff's depression and the related symptoms did not significantly limit Plaintiff's ability to do basic work activities and, thus, was not a severe impairment. 20 C.F.R. § 416.921; 20 C.F.R. § 404.1521. Accordingly, the Court finds that the decision of the ALJ to exclude depression from Plaintiff's list of severe impairments was supported by substantial evidence in the record.

### C. Substantial Evidence Supports the ALJ's Determination that Plaintiff did not Meet Listing 1.04

The ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (T. 22.) The ALJ specifically considered Listing 1.04, but determined that the Plaintiff's condition failed to satisfy the requirements of this listed impairment. (Id.) Specifically, the ALJ determined that Plaintiff did not have nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis after his decompression and fusing surgery, and that the treatment records of Dr. Albea demonstrate that Plaintiff's back impairment greatly improved after surgery. (Id.) Plaintiff contends that the ALJ erred by not concluding that Plaintiff met Listing 1.04 prior to the spinal surgery.

Plaintiff bears the burden of presenting evidence demonstrating that his

impairment meets or equals a listed impairment. Kellough v. Heckler, 785 F.2d 1147, 1152 (4th Cir. 1986). Listing 1.04 addresses disorders of the spine. C.F.R. Part 404, Subpart P, Appendix 1. In order to satisfy his burden, Plaintiff was required to produce evidence demonstrating: (1) "nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);" or (2) spinal arachnoidits that is confirmed by an operative or pathology report of tissue biopsy, or by appropriate medically acceptable imagining, and is manifested by severe burning or painful dysesthesia that results in a need for changes in position or posture more than once every 2 hours; or (3) lumber spine stenosis that results in pseudoclaudication, which is established by findings on medically acceptable imaging, manifested by chornic nonradicular pain and weakness, and results in the inability to ambulate effectively, as defined in 1.00B2b. Id.

Plaintiff fails to even articulate the relevant legal standard in his brief, much less set forth how the evidence in the record satisfies this standard.[3] Moreover,

---

3 Again, the only cased cited by Plaintiff in his argument that the ALJ erred in addressing Listing 1.04 is Bird. The cited portion of Bird, however, addresses the requirement originally set forth in Bailey v. Chater, 68 F.3d 75 (4th Cir. 1995), that an ALJ consult a medical adviser once the claimant has proved that his condition is disabling but the ALJ cannot determine the date of onset of

upon the Court's review of the medical evidence in the record, the Court finds that the determination of the ALJ is supported by substantial evidence in the record. The medical evidence in the record does not demonstrate that Plaintiff's impairment meets or equals Listing 1.04. Accordingly, remand is not required.

### D. The ALJ did not Err in his Treatment of the Opinion of the State Agency Single Decision Maker

Finally, Plaintiff contends that the ALJ erred in considering the opinion of the state agency single decision maker. The ALJ specifically noted that the single decision maker was not a physician and that the decision was not "entitled to the appropriate weight given to non-examining state agency physicians as experts in disability evaluation." (T. 34.) Although the ALJ concluded that upon his independent review of the medical evidence that the opinion was supported by medically acceptable clinical and laboratory diagnostic techniques and was consistent with the other substantial evidence in the record, he did not assign it any weight. (Id.) Thus, unlike the situation in Dewey v. Astrue, 509 F.3d 447 (8th Cir. 2007), cited by Plaintiff, the ALJ did not mistakenly believe that the residual functional capacity assessment of Ebosele Oboh was authored by a physician, and he did not give it substantial weight. Upon a review of the evidence in the record

---

the disability. Bird, 699 F.3d at 344. Such a discussion is not pertinent to the issue before the Court.

and the decision of the ALJ, the Court finds that Plaintiff's final enumeration of error is without merit and remand is not required in this case.

## VI.  Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 15], **DENY** the Plaintiff's Motion for Summary Judgment [# 10], and **AFFIRM** the Commissioner's decision.

Signed: July 8, 2013

Dennis L. Howell
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).