UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
BRYSON CITY DIVISION
DOCKET NO. 2:12-cv-00018-MOC-DLH

| | | |
|---|---|---|
| **MICHAEL BRUCE ELLIS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on review of a Memorandum and Recommendation issued in this matter. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28, United States Code, Section 636(b)(1)(c). As reflected on the court's docket, no objections were filed by the July 25, 2013, deadline.

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory

1

objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has conducted a careful review of the magistrate judge's recommendation. After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the brief factual background and recitation of issues is supported by the applicable pleadings.

On August 13, 2010, the ALJ found in his written decision that plaintiff was not disabled under Sections 1614(a)(3)(A) of the Social Security Act. Transcript ("Tr.") at 37. In support of such conclusion, the ALJ made the following specific findings:

(1) The claimant has not engaged in substantial gainful activity since February 29, 2008, the application date (20 CFR 416.971 et seq.).
(2) The claimant has the following severe combination of impairments: hypertensive cardiovascular disease, cardiomyopathy, and degenerative disc disease of the lumber spine (20 CFR 416.920(c)).
(3) The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
(4) After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b). I specifically find that the claimant could lift/carry twenty pounds occasionally and ten pounds frequently. Claimant could sit, stand, and walk up to six hours each out an eight-hour workday. Claimant could frequently climb, balance, kneel, stoop, crouch, and crawl. Claimant should avoid concentrated exposure to fumes and hazards in the workplace.
(5) The claimant is unable to perform any past relevant work (20 CFR 416.965).

(6) The claimant was born on February 3, 1957 and was 51 years old, which is defined as an individual closely approaching advanced age on the date the application was filed (20 CFR 416.963).
(7) The claimant has at least a high school education and is able to communicate in English (20 CFR 416.964).
(8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).
(9) Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
(10) The claimant has not been under a disability, as defined in the Social Security Act, since February 29, 2008, the date the application was filed (20 CFR and 416.920(g)).

Tr. at 20-31.

In seeking remand, plaintiff argued before the magistrate judge that his submission of additional evidence required remand for purposes of considering that evidence. While plaintiff contended that certain medical evidence was not in the record when the ALJ made his findings, the Commissioner conclusively showed that such evidence was part of the record when the Appeals Council considered the determination of the ALJ, Tr. at 1-2, and it is clear that the Appeals Council affirmatively considered such evidence and found that it provided no basis for overturning the decision of the ALJ.

The Appeals Council is required by 20, Code of Federal Regulation, Part 404.970, to review certain decisions of an ALJ. In pertinent part, the regulation provides:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The

> Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

20 C.F.R. § 404.970. When new evidence is presented to and actually considered by the appeals council, the issue before this reviewing court is whether, when the record is considered as a whole ( including the new evidence submitted to the Appeals Council), the decision of the ALJ is supported by substantial evidence. Wilkins v. Sec.'y Dep't Health & Human Servs., 953 F.2d 93, 96 (4th Cir. 1991).

Accordingly, the court has considered this new evidence alongside the other evidence in the record in determining whether the decision of the ALJ as affirmed by the Appeals Council is supported by substantial evidence in the record. The court finds that it is for the specific reasons detailed by Judge Howell in parts V(B), *et seq.*, of his Memorandum and Recommendation.[1] Clearly, substantial evidence supports the ALJ's determination: (1) at Step 2 of the sequential evaluation process that plaintiff's depression was not a "severe" impairment, see Tr. At 234, 23637, & 719-24; and (2) at Step 3 when he determined that plaintiff did not suffer from an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, Tr. At 22. Finally, the ALJ did not err in considering the opinion of the state agency single-decision maker, as the ALJ specifically noted that

---

1  The court neither affirms nor overrules the concerns expressed in paragraph V(A) of the M&R as this court, newly assigned matters in the Bryson City Division, has had no opportunity to review counsel for plaintiff's earlier briefs or any earlier admonitions. Thus, as part of such review under Section 636(b)(1), the court has considered plaintiff's brief in its entirety.

the single decision maker was not a physician and that the decision was not "entitled to the appropriate weight given to non-examining state agency physicians as experts in disability evaluation." Tr. at 34.

This court has carefully reviewed the Memorandum and Recommendation, the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignments of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence as Judge Howell found. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Memorandum and Recommendation (#17) is **AFFIRMED,** plaintiff's Motion for Summary Judgment (#10) is **DENIED**, the Commissioner's Motion for Summary Judgment (#15) is **GRANTED**, the final decision of the Commissioner is **AFFIRMED**, and this action is **DISMISSED.**

Signed: August 1, 2013

Max O. Cogburn Jr.
United States District Judge